IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WORLD FLOOR COVERING**                         **PLAINTIFF**
**ASSOCIATION, INC.**

v.                                      **CAUSE NO. 1:20-cv-335-LG-RPM**

**GOLCONDA HOLDINGS, LLC**
                                                       **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**</u>

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by Defendant, Golconda Holdings, LLC ("Golconda"). Plaintiff, World Floor Covering Association, Inc. ("WFCA"), filed a [10] Response in Opposition, to which Defendant [13] replied. After due consideration of the record, the parties' submissions and applicable law, the Court finds that the Motion should be denied.

BACKGROUND

Plaintiff, WFCA, alleges that Defendant, Golconda, is in breach of a Joint Venture Agreement ("JVA") whereby the parties agreed to establish a limited liability company named Magnetic Building Solutions, LLC ("MBS"), of which each party owns 50%. (Compl., ¶¶ 23-27, ECF No. 1). The parties also entered into a Patent License Agreement ("PTA") which figures in this lawsuit. (*Id.* ¶ 31). Plaintiff accuses Defendant of "failing to pay its share of the operating costs of MBS" pursuant to the JVA and of wrongfully terminating the PLA. (*See generally id.* ¶¶ 71-98). On these allegations, Plaintiff sues for breach of contract on its own

behalf and derivatively on behalf of MBS. (*Id.*). Plaintiff also sues for breaches of corporate fiduciary duty and the duty of good faith and fair dealing in contract, as well as for unjust enrichment. (*See generally id.* ¶¶ 99-126). Plaintiff also requests that the Court issue a declaratory judgment and an award of attorneys' fees and costs in its favor. (*See generally id.* ¶¶ 127-137).

Plaintiff's Complaint was filed October 30, 2020. (*Id.*). On December 16, 2020, Defendant filed a Motion to Dismiss under Rule 12(b)(3), invoking a forum selection clause contained in the JVA. (Mot. Dismiss ¶ 1, ECF No. 7). The subject clause provides:

> In the event that an action is commenced against Golconda Holdings LLC by WFCA, the subject matter of which is this Agreement, then this Agreement shall be governed by and construed in accordance with the internal laws of the State of Mississippi. The exclusive venue for any such action shall be The First Judicial District Court in and for the County of Harrison, State of Mississippi, to the exclusion of all other possible venues and all Parties consent to personal jurisdiction therein.

(Mem. L. Supp. Def.'s Mot. Dismiss, 2, ECF No. 8 (quoting JVA, § 20.1, ECF No. 1-1)). In response, Plaintiff challenges the clarity and enforceability of this clause. (*See generally* Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, ECF No. 10). Notably, Plaintiff also asks the Court to regard the 12(b)(3) defense as waived, observing that Defendant's Motion came more than 21 days after the filing of the Complaint. (*Id.* at 4-6). Defendant insists that the forum selection clause is unambiguous and enforceable and "requests that this Court exercise its discretion to excuse the less than 11-hour filing delay" under Rule 6(b). (Def.'s Reply Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, 1-6, ECF No. 13).

2

## DISCUSSION

Plaintiff's November 24, 2020 service of its Complaint on Defendant set a 21-day time period for Defendant to file its Answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant instead chose to file a Motion to Dismiss for Improper Venue under Rule 12(b)(3), but such a Motion "must be made before pleading if a responsive pleading is allowed." *Id.* R. 12(b); *see also Walker v. FFVA Mut. Ins. Co.*, No. 1:12CV301-HSO-RHW, 2013 WL 6493087, at *3 (S.D. Miss. Dec. 10, 2013) (noting that the 21-day period for filing a response applies to motions to dismiss under Rule 12(b)(6)); *Hines v. Delta Air Lines, Inc.*, 461 F.2d 576, 579 n. 13 (5th Cir. 1972) (holding that the timeliness requirement of Rule 12(a) is applicable through Rule 12(h)(2)). Hence, Defendant's Motion to Dismiss under Rule 12(b)(3) was due on December 15, 2020.

A party waives its Rule 12(b)(3) defense if it fails to file the Motion within the 21-day period allotted for responsive pleadings. *Id.* R. 12(h); *see also Piernik v. Collection Mgmt. Co.*, No. 5:17CV320-DAE, 2018 WL 1202972, at *3 (W.D. Tex. Jan. 25, 2018) ("Because Defendant did not timely file its Rule 12(b)(3) motion, the Court finds that Defendant has waived this defense.") (citing *Hydradyne, LLC v. McCurdy*, No. 2:13CV748-JRG, 2013 WL 12134083, at *1-2 (E.D. Tex. Dec. 3, 2013)); *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290 (5th Cir. 1987) ("[A] defect in venue must be raised by timely motion or by pleading by the objecting party.").

Because the Motion was indisputably filed on December 16, 2020, Defendant

3

asks the Court to excuse its untimeliness under Rule 6(b) of the Federal Rules of Civil Procedure. (*See* Def.'s Reply Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, 1-6, ECF No. 13). This Rule provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) *on motion made after the time has expired* if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b) (emphasis added). As the period for filing a motion to dismiss has already expired, the Court applies Rules 6(b)(1)(B).

The Supreme Court has interpreted Rule 6(b)(1)(B) as follows: "[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post*deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 896-97 (1990) (emphasis in original). The late filing itself cannot be considered the post-deadline "motion" required by Rule 6(b). *Id.* Instead, to constitute a motion for an extension of time, a request should "contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond." *Id.* at n. 5. Formality is not met where the request "was not even made in a separate filing or in a separate appearance before the court." *Id.* Moreover, precision is not met where the tardy movant fails to specify a "*particular* extension of time" to file. *Id.*

4

(emphasis in original); *see also* L.U. Civ. R. 7(b)(3)(C) (providing that "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

Here, Defendant never moved for an extension, whether before or after the December 15, 2020 deadline. In fact, Defendant failed to offer any explanation for its delay until its Reply to Plaintiff's Opposition to its Motion to Dismiss. (*See* Def.'s Reply Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, 1-6, ECF No. 13). As in the Supreme Court's *Lujan* decision, this "request" lacks the formality or precision to constitute a "motion" under Rule 6(b). *Id.* Although the Court is receptive to the e-filing issue proffered by Defendant, Rule 6(b) prevents the Court from granting a retroactive extension without the requisite Motion. *See, e.g., Stark v. Univ. S. Miss.*, 8 F. Supp. 3d 825, 831 (S.D. Miss. 2014) (holding that a movant's late reply could not be excused where the party did not move for leave to file out of time, and the reply itself did not qualify as a motion).[1] As the Court is unable to excuse the

---

[1] *See also Atlantic Sounding Co., Inc. v. Vickers*, No. 1:09CV346-HSO-JMR, 2010 WL 3603842, at *2 (S.D. Miss. Sep. 7, 2010) (noting that a late motion violates Rule 6(b) where it is filed "without obtaining leave of Court for filing beyond the imposed deadline"); *Mahli, LLC v. Admiral Ins. Co.*, No. 1:14CV175-KS-MTP, 2015 WL 4915701, at *10 (S.D. Miss. Aug. 18, 2015) (holding that a movant's arguments in support of excusable neglect "must be made by separate motion" given that the deadline had already passed); *Miller v. Home Depot U.S.A., Inc.*, 95 F.3d 50 (5th Cir. 1996) (holding that "a post-deadline extension must be 'upon motion made,'" and, as such, a district court did not err in excluding late affidavits where "'[a]pellants made no motion for extension'"); *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) ("Kitchen made no request to extend time to file his response before the deadline, and he did not file a motion for an extension arguing excusable neglect."); *Holmes v. All Am. Check Cashing, Inc.*, No. 2:11CV007-B-A, 2015 WL

late-filed Motion without satisfaction of Rule 6(b), it must regard the 12(b)(3) defense as waived, and the Motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Defendant, Golconda Holdings, LLC is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

4134986, at *3 (N.D. Miss. July 8, 2015) (noting that the court may "make a finding of excusable neglect . . . , but the court may only do so upon motion of the defendant, as the time period at issue has expired").

6