## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WORLD FLOOR COVERING**                                      **PLAINTIFF**
**ASSOCIATION, INC.**

**v.**                                            **CAUSE NO. 1:20-cv-335-LG-RPM**

**GOLCONDA HOLDINGS, LLC**

                                                            **DEFENDANT**

### AMENDED MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by Defendant,

Golconda Holdings, LLC ("Golconda"). Plaintiff, World Floor Covering Association,

Inc. ("WFCA"), filed a [10] Response in Opposition, to which Defendant [13] replied.

After due consideration of the record, the parties' submissions and applicable law,

the Court finds that the Motion should be granted.

### BACKGROUND

Plaintiff, WFCA, alleges that Defendant, Golconda, is in breach of a Joint

Venture Agreement ("JVA") whereby the parties agreed to establish a limited

liability company named Magnetic Building Solutions, LLC ("MBS"). (Compl., ¶¶

23-27, ECF No. 1). The parties also entered into a Patent License Agreement

("PTA") which figures in this lawsuit. (*Id.* ¶ 31). Plaintiff accuses Defendant of

"failing to pay its share of the operating costs of MBS" pursuant to the JVA and of

wrongfully terminating the PLA. (*See generally id.* ¶¶ 71-98).

On these allegations, Plaintiff sues for breach of contract on its own behalf

and derivatively on behalf of MBS.  (*Id*.).  Plaintiff also sues for breaches of corporate fiduciary duty and the duty of good faith and fair dealing in contract, as well as for unjust enrichment.  (*See generally id.* ¶¶ 99-126).  Additionally, Plaintiff requests that the Court issue a declaratory judgment and an award of attorneys' fees and costs in its favor.  (*See generally id.* ¶¶ 127-137).

On December 16, 2020, Defendant filed a Motion to Dismiss under Rule 12(b)(3) and the doctrine of forum *non conveniens*, invoking a forum selection clause contained in the JVA.  (Mot. Dismiss ¶ 1, ECF No. 7).  The subject clause provides:

> In the event that an action is commenced against Golconda Holdings LLC by WFCA, the subject matter of which is this Agreement, then this Agreement shall be governed by and construed in accordance with the internal laws of the State of Mississippi.  The exclusive venue for any such action shall be The First Judicial District Court in and for the County of Harrison, State of Mississippi, to the exclusion of all other possible venues and all Parties consent to personal jurisdiction therein.

(Mem. L. Supp. Def.'s Mot. Dismiss, 2, ECF No. 8 (quoting JVA, § 20.1, ECF No. 1-1)).  In response, Plaintiff challenges the clarity and enforceability of the forum selection clause.  (*See generally* Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, ECF No. 10).  Defendant replied.  (*See* Def.'s Reply Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, ECF No. 13).

By previous [14] Order, the Court found that Defendant had waived its forum-selection defense; however, on further review, the Court later granted reconsideration under Rule 54(b) and stated that it would reconsider the "Motion to Dismiss on the merits and enter an amended memorandum opinion and order." (*See* Order Granting Mot. Relief J. or Order, 3, ECF No. 32).  The Court now issues

this Amended Memorandum Opinion and Order granting Defendant's Motion to Dismiss and dismissing this action without prejudice.

DISCUSSION

## I.      Interpretation of the Clause

When a party invokes a forum-selection clause, the Court should first consider "whether the forum selection clause is mandatory or permissive." *PCL Civ. Constr., Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020). Plaintiff argues that the forum-selection clause here is permissive. On this issue the Fifth Circuit explains:

> A mandatory FSC affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. An FSC is mandatory only if it contains clear language specifying that litigation must occur in the specified forum—and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make an FSC mandatory.

*Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 769 (5th Cir. 2016).

The clause here provides that, "[i]n the event that an action is commenced against Golconda Holdings LLC by WFCA," "[t]he *exclusive* venue for any such action *shall* be The First Judicial District Court in and for the County of Harrison, State of Mississippi, *to the exclusion of all other possible venues* and all Parties consent to personal jurisdiction therein." (JVA, § 20.1, ECF No. 1-1) (emphasis added). The Court finds this language mandatory, as it categorically excludes litigation in any forum other than the one specified. *See, e.g., Collin Cty. v. Siemens*

3

*Business Servs., Inc.*, 250 F. App'x 45, 50-51 (5th Cir. 2007) (holding that a clause dictating "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas" is mandatory).

The next "question is what, precisely, does it mandate." *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). The *Alliance Health* Court confronted a clause resembling the one at issue, which dictated that the "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi." *Id.* at 398. The Court held that "the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county." *Id.* at 400. Further, the clause provided that "venue shall exclusively *occur in* Harrison County," which carried some ambiguity, in contrast to a hypothetical clause providing "that venue shall *be* some county, which might have suggested an intent to limit venue to a single tribunal." *Id.* at 401 (emphasis in original).

To that end, Plaintiff argues that the present forum-selection clause points to an ambiguous forum. The thrust of Plaintiff's argument is that "there is no 'First Judicial District Court in and for the County of Harrison.'" (Pl.'s Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, 1, ECF No. 10). Instead, Plaintiff correctly points out that "[t]here are three courts whose geographic jurisdiction encompasses Harrison County: the Chancery Court, the Circuit Court, and the County Court." *See Alliance Health*, 553 F.3d at 401. Plaintiff is further correct that the Southern

4

Division of the Southern District of Mississippi also includes Harrison County and is located in Gulfport.  *See* 28 U.S.C. § 104(b)(2).

Unlike *Alliance Health*, however, the instant clause does not provide that litigation will generally "occur in" Harrison County, but that it "*shall be*" the "First Judicial District Court in and for the County of Harrison."  (JVA, § 20.1, ECF No. 1-1) (emphasis added).  Put differently, the forum-selection clause in *Alliance Health* required litigation to "occur in" the geographic limits of Harrison County, not in a specific court, *see Alliance Health*, 553 F.3d at 398, whereas the forum-selection clause here refers to "[t]he First Judicial District Court in and for the County of Harrison," not simply to the county itself.  (*See* JVA, § 20.1, ECF No. 1-1).[1]

"Contractual references to the courts of a particular county are to state courts, not to federal courts that happen to sit there."  *Ensco Intern., Inc. v. Certain*

---

[1] Bolstering this distinction is *Magnolia Island Plantation, LLC v. Lucky Family, LLC*, Civ. No. 18-1526, 2021 WL 354714, at *3 (W.D. La. Jan. 21, 2020), also cited by Plaintiff.  There the clause read: "'[t]he exclusive venue . . . shall be Caddo Parish, Louisiana, and Maker and Payee consent to venue and jurisdiction in such forum for such purposes.'"  *Id.*  The Court retained the case, rightfully relying on *Alliance Health* and stating that "[t]he disputed clause is focused on a place, Caddo Parish, Louisiana, not a court."  *Id.*  "This is made clear by the absence of the words 'state courts' or even 'courts' from the clause."  *Id.*  By contrast, the clause in this case refers to "[t]he First Judicial District Court in and for Harrison County," not simply "Harrison County."  (*See* JVA, § 20.1, ECF No. 1-1); *accord PAI ATM Servs., LLC v. PFG-ATMS, LLC*, No. 3:12CV305-WHB-LRA, 2012 WL 12884584, at *2 (S.D. Miss. July 9, 2012) (holding a forum-selection clause providing that "'venue for any dispute under this Agreement shall lie in the First Judicial District of Hinds County, Mississippi'" referred to the geographic area of the First Judicial District, not the courts thereof, such that "venue would be proper in either the state courts or this court").

*Underwriters at Lloyd's*, 579 F.3d 442, 448 n. 12 (5th Cir. 2009) (citing *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006)).  As such, the Fifth Circuit found that a grant of "sole and exclusive jurisdiction" to "the courts of Harris County in the State of Texas" gave "Harris County state courts exclusive jurisdiction over disputes" and only "refers to state courts in Harris County."  *Grand View PV Solar Two, LLC v. Helix Elec., Inc., et al.*, 847 F.3d 255, 258 & n.3 (5th Cir. 2017) (citations omitted).

Even more conclusively, the United States District Court for the Southern District of Mississippi, Southern Division does not sit "in and for the County of Harrison."  *See Ondova Ltd. v. Manila Indus., Inc.*, 514 F. Supp. 2d 762, 773 (N.D. Tex. 2007) ("The court holds that the phrase 'in and for the County of Dallas' clearly refers to state courts located in Dallas county. . . . No federal court sits 'in and for the County of Dallas.'").[2]  Hence, although this term could plausibly refer to multiple state courts, it cannot refer to a federal court.  The Court finds that the instant forum-selection clause is mandatory and unambiguously directed to the state courts located in Harrison County.

### 2.    Enforceability of the Clause

Having construed the forum-selection clause as mandatory and directed to

---

[2] Another Texas federal court elaborated: "because no federal court can be 'for' any county, by including such language, the parties must have intended to waive any right to file or remove a claim to federal court in Dallas County."  *Stelluti Kerr, LLC v. MAPEI Corp.*, No. 5:10CV030-C, 2010 WL 11530848, at *8 n.3 (N.D. Tex. June 22, 2010).  As explained, the same must be true here.

state courts in Harrison County, the Court's next inquiry is "whether the forum

selection clause is enforceable." *PCL Civ. Constr.*, 979 F.3d at 1074. "Under federal

law, the party resisting enforcement of a forum selection clause bears a 'heavy

burden of proof,' . . . and this court 'applies a strong presumption in favor of the

enforcement of mandatory forum selection clauses.'" *Id.* (internal citations and

interpolations omitted).

"When 'a litigant in federal court attempts to have a case dismissed based on

a contractual provision requiring suit to be filed in state court, the forum-selection

clause should be upheld unless the party opposing its enforcement can show that

the clause is unreasonable.'" *Id.* (quoting *Ginter ex rel. Ballard v. Belcher,*

*Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008)). "A party may show the

disputed clause is unreasonable if

> (1) [T]he incorporation of the forum-selection clause into the agreement
> was the product of fraud or overreaching; (2) the party seeking to
> escape enforcement will for all practical purposes be deprived of his
> day in court because of the grave inconvenience or unfairness of the
> selected forum; (3) the fundamental unfairness of the chosen law will
> deprive the plaintiff of a remedy; or (4) enforcement of the clause
> would contravene a strong public policy of the forum state."

*Id.* (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)).

Plaintiff argues that the clause is unreasonable because a Mississippi state

forum is fundamentally unfair and would deprive Plaintiff of its day in court.

Specifically, Plaintiff observes that a key witness, Shane LeBlanc, the drafter of the

JVA and a member of the MBS management board, has moved to Uzbekistan. (Pl.'s

7

Resp. Opp. Def.'s 12(b)(3) Mot. Dismiss, 10, ECF No. 10; Decl. Gregory Scott Humphrey, ¶ 7, ECF No. 10-9).  Plaintiff argues that Mississippi state courts cannot exercise jurisdiction over him or issue subpoenas to him, unlike the federal courts, which Plaintiff claims can do both.  (*See id.*) (citing Miss. R. Civ. P. 45; Fed. R. Civ. P. 45(b)(3), 28 USC § 1783; and 22 CFR § 92.86).

However, because "witnesses belonging to the defendant in this matter are presumed to testify no matter the inconvenience," Plaintiff's argument must fail. *Columbia Energy Servs. Corp. v. TDC Energy Corp.*, Civ. No. 01-0055, 2002 WL 272382, at *4-5 (E.D. La. Feb. 25, 2002).  Better still, Defendant has demonstrated by way of Declaration that Mr. LeBlanc "do[es] not intend to remain in Kazakhstan permanently and intend[s] to return to Mississippi"[3]; he also "agree[s] to make [himself] available as may be reasonable and necessary to provide deposition or trial testimony."  (*See generally* Decl. Shane LeBlanc, ECF No. 13-4).[4]  Therefore, and in

---

[3] The Court notes that Plaintiff locates Mr. LeBlanc in Uzbekistan, while Mr. LeBlanc locates himself in Kazakhstan.  But the exact Central Asian whereabouts of Mr. LeBlanc does not change the Court's reasoning.

[4] *See also Doran v. Carnival Cruise Lines, Inc.*, Civ. No. 99-800, 1999 WL 33310423, at *2 (E.D. La. Aug. 26, 1999) (holding that a plaintiff's "inability to call live witnesses (as opposed to deposition witnesses, for example) hardly deprives the plaintiff of her day in court"); *Park Place LX of Tex., Ltd. v. Market Scan Info. Sys., Inc.*, No. 3:04CV0105-H, 2004 WL 524944, at *2 (N.D. Tex. Mar. 17, 2004) ("The Court concludes that this inconvenience will not deprive Plaintiffs of their day in court; testimony by deposition is available for witnesses outside of the Court's subpoena power."); *Hunter Distrib. Co., Inc. v. Pure Beverage Partners*, 820 F. Supp. 284, 287-88 (N.D. Miss. 1993) (holding that, even though "certain witnesses" resided outside the subpoena power of Arizona, the selected forum, there was "no reason to suggest either that defendant will be unable or unwilling to come to Mississippi to attend the depositions of these Mississippi witnesses, or that plaintiff will be unable

line with the "strong presumption" in favor of the clause's enforceability, *see PCL Civ. Constr.*, 979 F.3d at 1074, the Court finds that the clause does not unfairly deprive Plaintiff of its day in court.  The forum-selection clause is enforceable.

## III.    Public Interest Factors

Finally, a "mandatory, enforceable forum selection clause" must still pass "'*Atlantic Marine*'s balancing test' of public-interest factors."  *PCL Civ. Constr.*, 979 F.3d at 1074.  The forum-selection clause should generally be enforced unless extraordinary circumstances exist that are unrelated to the convenience of the parties.  *Atl. Marine Constr. Co. v. U. S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013).  Further, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."  *Id.* at 61.  It is the plaintiff's burden to demonstrate that the forum agreed upon by the parties should be disregarded.  *Id.* at 63-64.

Although "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," the forum-selection clause alters the typical forum *non conveniens* balancing test in several respects.  *Id.* at 60-61.  Convenience of the parties is not a consideration, nor is the plaintiff's choice of forum or the parties' private interests.  *Id.* at 63-66.  Only

---

to receive a fair hearing in Arizona by using these depositions, whether they be by transcription and/or video").  Similarly, Plaintiff has not shown that this witness is entirely unreachable absent the federal court's subpoena power, nor that it would be deprived of its day in court by introducing his testimony some other way.

public interest factors may be considered; these are "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

The Court finds that none of the public interest factors override the parties' negotiated forum-selection clause. As such, "when the plaintiff violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum selection clause . . . dismissal would work no injustice on the plaintiff." *Atl. Marine*, 571 U.S. at 66 n.8. Because the instant forum-selection clause is mandatory, valid and enforceable, and does not contravene any public interest, the Court dismisses this action without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Defendant, Golconda Holdings, LLC is hereby **GRANTED**. This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

10